## C. A. GAIOCCHIO *v.* THE STATE.

1. RETAILING LIQUORS — THE "BELL-PUNCH LAW." — Appellant, who was a licensed retailer, was indicted and tried for violation of the "bell-punch law," by selling a drink of whiskey and failing to turn the crank of the proper register.  The evidence showed that the bar-tender of the appellant made the sale in the absence of the appellant, and there was no proof of the appellant's complicity in the bar-tender's failure to register the drink.

2. PLEA. — The record must show that the defendant pleaded to the accusation, or that he stood mute and the plea of not guilty was entered for him.

APPEAL from the County Court of Harrison.  Tried below before the Hon. G. LANE, County Judge.

The opinion discloses all material facts.  The jury found the appellant guilty, and assessed against him a fine of $100.

*Pope & Pope*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

Hurt, J.   The defendant was convicted upon an indictment charging him with the sale of whiskey without turning the crank of the register, he being a liquor-dealer.   There was no evidence tending in the remotest degree to prove that appellant sold the whiskey ; nor was there any attempt to prove that he authorized the sale in any way, directly or indirectly, or assented thereto, or knowingly participated in the profits of the transaction.   The sale being made by his bar-tender, the court below charged the jury upon that fact as follows : —

"You are further instructed that, if you find that the bar-keeper of Gaiocchio sold the said whiskey to said Curtis, and failed to turn the crank of the said register, that said Gaiocchio (defendant) is guilty as if he had sold the whiskey himself and failed to turn the crank."   To this charge the defendant's counsel excepted in almost every way known to the law, and reserved the point by bill.

The rule, we think, is this : If the dealer authorized the sale in any way, directly or indirectly, or assented thereto, or knowingly participated in the profits, he would be guilty. Bishop's Cr. Law (5th ed.), sects. 218, 221, 628, 634 ; *Berns* v. *The State*, 19 Conn. 398 ; *The Commonwealth* v. *Nichols*, 10 Metc. 259 ; *The State* v. *Bergman*, 2 Nott & M. 34, note ; *The State* v. *Buchles*, 1 Rice, 145 ; *Lanier* v. *The State*, 14 Ind. 131 ; Whart. Cr. Law, 696, and note.

We do not think that it is necessary to seek light beyond the act creating the offence.   This, to our minds, settles the question.   It reads as follows : "That if any liquor-dealer, his clerk, agent, or employee, shall, on the sale, barter, or giving away of any vinous, spirituous, or malt liquors, fail to turn the crank of the proper register, as hereinbefore required, the person so offending, for each failure, shall be

deemed guilty of a misdemeanor, and, upon conviction, shall be fined not less than fifty dollars and not more than one hundred and fifty dollars.''

This act seeks to punish the person offending, not by reason of the fact that he is the dealer, but by reason of the selling, etc., and failing to turn the crank. The State must prove that the defendant sold, bartered, or gave away the whiskey, etc., and failed to turn the crank, or that some other person is guilty, and the defendant authorized, directly or indirectly, the sale, or assented to the same, or knowingly participated in the profits arising therefrom ; but this act does not hold him guilty simply upon the ground that he is the dealer. To us such a doctrine would be monstrous. The defendant's property, and, in default of that, his liberty, would be placed in the hands of his bartender. In one day (each sale, barter, or giving away being a separate offence) the bar-tender could bankrupt his principal.

The defendant not only excepted to the charge of the court on this point, but asked the proper charges, which were refused ; to which the defendant excepted, and reserved his bill. We are of the opinion that the court below erred in the charge, and the refusal to give the charges asked by defendant was another error growing out of the first.

From the record it appears that the defendant was tried without plea; nor does it appear that he stood mute. There being no plea, there was no issue to be determined; hence there was no trial. For the above errors, the judgment is reversed and the cause remanded.

*Reversed and remanded.*